**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**RICHARD AYERS, et al.,**
*Individually and on behalf of all others similarly situated,*

                    **Plaintiffs,**

               - against -

**SGS CONTROL SERVICES, et al.,**

                    **Defendants.**

**OPINION AND ORDER**

**03 Civ. 9078 (RMB) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs, individually and on behalf of others similarly situated, bring this action pursuant to the Fair Labor Standards Act ("FLSA"), alleging that defendants SGS Control Services, Inc. and SGS North America, Inc. (collectively, "defendants"), through their payroll practices, failed to compensate their employees for overtime work. Pending before the Court is plaintiffs's request that defendants be ordered to produce a tabulation containing mathematical information regarding payroll and timekeeping data. Defendants claim that the tabulation is protected by the work product privilege. For the reasons which follow, plaintiffs' request is **GRANTED**.

## II. BACKGROUND

As current and former employees of the defendants, the plaintiffs performed inspection services for the shipping industry. Defendants compensate their employees pursuant to a fluctuating workweek payment method. Under this approach, defendants provide their employees a fixed salary to cover all hours worked in a workweek, and then pay a time and a half

premium for overtime hours in excess of forty work hours. The fixed salary must be sufficient to compensate employees at a regular rate that is at least equal to the minimum wage for all foreseeable work hours. 29 C.F.R. § 778.114 (1996). Plaintiffs contend that defendants failed to set the fixed salary high enough, and that employees received numerous minimum wage adjustment.

The Department of Labor has found that minimum wage adjustments are permissible if they are not foreseeable by and are beyond the control of an employer. 27 Op. Wage and Hour Admin. 945 (1969); 51 Op. Wage and Hour Admin. 1010 (1969).[1] The number and frequency of minimum wage adjustments is relevant for determining whether defendants payroll practices are lawful. *See* **Ferrer v. SGS Control Services, et al.**, 04 Civ. 0916 (M.D. Fl. 2005).

Defendants have compiled a tabulation of the minimum wage adjustments, and are withholding it, asserting that it is attorney work product. Defendants assert that plaintiffs can compile the same tabulation by analyzing timekeeping and payroll records produced in discovery.

### III. DISCUSSION

**1.      The Work Product Privilege**

The work product privilege is codified in Rule 26(b)(3), Federal Rules of Civil Procedure. The privilege applies to "(1) [ ] a document or tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for his representative. Rule 26(b)(3); *see* **Herman v. Crescent Publishing Group, Inc.**, 2000 WL 1371311, at *3 (S.D.N.Y. Sept. 21, 2000). It "shelters the mental processes of the attorney, providing a

---

[1] The Department of Labor's opinion letters do not bind this Court. Nevertheless, they "constitute a body of experienced and informed judgment," and are entitled to substantial weight. **Flood v. New Hanover County**, 125 F.3d 249, 253 (4th Cir. 1997).

privileged area within which he can analyze and prepare his client's case." **United States v. Nobles**, 422 U.S. 225, 238 (1975). For the privilege to apply, the document must not merely be selected and compiled for litigation purposes, but must reflect a "real, rather than speculative, concern that the thought process of . . . counsel in relation to pending or anticipated litigation would be exposed." **Resolution Trust Corp. v. Diamond**, 137 F.R.D. 634, 644 (S.D.N.Y. 1991) (citation omitted). The scope of the privilege is, therefore, "modest," and does not extend to every written document generated by an attorney," nor does it "shield from disclosure everything that a lawyer does." **Id**. (citation omitted).

The tabulation defendants are withholding is a compilation of payroll and timekeeping data. Defendants do not claim that the underlying information is privileged. In fact, this data has been produced to plaintiffs in discovery. Disclosure of the tabulation will, therefore, not reveal litigation strategy or the mental impressions or thought processes of counsel. **Resolution Trust**, 137 F.R.D. at 644. The Court finds, therefore, that the tabulation is not covered by the work product privilege.

**2.     The Work Product Privilege is a Qualified Privilege**

Even if the tabulation were protected by the work product privilege, the privilege is qualified. Plaintiffs may, therefore, secure the disclosure of the tabulation "upon a showing of substantial need . . . and that [they] could not obtain the substantial equivalent through other means without undue hardship." **Herman**, 2000 WL 1371311, at *3. Plaintiffs satisfy the threshold requirement of substantial need insofar as the number and frequency of minimum wage adjustments is relevant for determining whether defendants' payroll practices are lawful. *See* 29 C.F.R. § 778.114 (1996); **Ferrer v. SGS Control Services, et al.**, 04 Civ. 0916 (M.D. Fl. 2005).

It is possible for plaintiffs to determine when a minimum wage adjustment was applied by analyzing the payroll and timekeeping records produced in discovery. Both parties agree, however, that the calculation is mathematically complicated and time consuming. The undertaking is made more difficult because the payroll and timekeeping information has been provided in hard copy format. Since the data is not in electronic format, it cannot be manipulated. Defendants assert that some of the payroll and timekeeping data is available in electronic format. The electronic source, however, contains payroll and timekeeping records for all of defendants' employees, and not just the employees that are relevant in this action. Defendant is currently exploring whether the relevant electronic data can be segregated and extracted, and made available to plaintiffs. Even if the defendants's were to produce the data in electronic format, however, the plaintiffs would still have to perform the time consuming data analysis and complicated mathematical calculations. This calculation presents an undue burden on the plaintiffs. In contrast, defendants could make duplicates of their tabulation records quickly and inexpensively.

This Court is charged with securing the "just, speedy, and inexpensive determination of every action." Rule 1. In light of Rule 1, since the time frame and cost associated with the analysis of the payroll and timekeeping records is uncertain, and because plaintiffs will be entitled to attorney's fees if they succeed in this action under FLSA, the production of the tabulation is appropriate.

**3.     The Privilege Has Been Waived**

An assertion of the work product privilege requires the preparation and production of a privilege log. Rule 26(b)(5); Local Rule 26.2. Defendants have failed to provide a privilege log.

Defendants have waived any privilege with respect to the tabulation by failing to properly identify it, and assert the privilege. **Large v. Our Lady of Mercy Medical Center**, 1998 WL 65995, at *4 (S.D.N.Y. 1990).

### III. CONCLUSION

For the foregoing reasons, the tabulation of minimum wage adjustments is not protected from disclosure by the work-product privilege. Plaintiffs request that defendants produce the tabulation is hereby **GRANTED**.

**SO ORDERED this 9th day of March 2006
New York, New York**

**The Honorable Ronald L. Ellis
United States Magistrate Judge**