**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **RICHARD AYERS, et al.,** *Individually and on behalf of all others similarly situated,* Plaintiffs, - against - **SGS CONTROL SERVICES, et al.,** Defendants. | **MEMORANDUM OPINION AND ORDER** **03 Civ. 9078 (RMB) (RLE)** |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs, individually and on behalf of others similarly situated, bring this action pursuant to the Fair Labor Standards Act ("FLSA"), alleging that defendants SGS Control Services, Inc. and SGS North America, Inc. (collectively, "defendants"), through their payroll practices, failed to compensate their employees for overtime work. Pending before the Court is defendants' request that plaintiffs be ordered to produce records concerning any damages calculations. More specifically, defendants request records concerning the damages calculations of plaintiff Charles Weed ("Weed"). Plaintiffs contend that they cannot compute accurate damages calculations, and that Weed's damages records are protected by the attorney-client privilege. For the reasons contained herein, defendants' application is **GRANTED**.

## II. DISCUSSION

The Court held a telephone conference to resolve outstanding discovery disputes on March 9, 2006. This Court had ordered plaintiffs, at a minimum, to apprise defendants of the methodology they are using to calculate damages by October 25, 2005. Plaintiffs complied with

this order.  Defendants now contend that since plaintiffs have failed to calculate exact unpaid wages and damages, any records containing this information should be produced.  The Court agrees.

Since the commencement of this litigation, plaintiffs have asserted that they cannot calculate the exact unpaid wages and damages because relevant timekeeping and payroll records are under defendants' exclusive control.  Plaintiffs, however, have failed to make an application to the Court for discovery relief.  Rule 26(a)(1)(c) requires plaintiffs to "provide to other parties . . . a computation of any category of damages claimed by [plaintiffs], making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered."  In light of this obligation, plaintiffs shall produce any records containing unpaid wages and damages information and calculations to defendants.

Plaintiffs assert the attorney client privilege with respect to Weed's unpaid wages and damages records.  Information regarding unpaid wages and damages is relevant to the claims in this FLSA action.  This information, which constitutes the basis for this action, is not privileged.  The records contain non-legal, wage and hour information, and do not constitute confidential communications.  *See* **Fisher v. United States**, 425 U.S. 391, 403 (1976); *see also* **Calabro v. Stone**, 225 F.R.D. 96, 98 (E.D.N.Y.  Oct. 7, 2004).

### III. CONCLUSION

For the foregoing reasons, counsel for plaintiffs shall produce any records concerning damages calculations to defendants forthwith.

**SO ORDERED this 13th day of March 2006**
**New York, New York**

*[signature: Ronald L. Ellis]*

The Honorable Ronald L. Ellis
United States Magistrate Judge