UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**RICHARD AYERS, et al.,**
*Individually and on behalf of all others similarly situated,*

                  **Plaintiffs,**

- against -

**SGS CONTROL SERVICES, et al.,**

                  **Defendants.**

**OPINION AND ORDER**

**03 Civ. 9078 (RMB) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

This is a class action brought by more than two hundred plaintiffs against defendants SGS Control Services, Inc. and SGS North America, Inc. alleging violations of the Fair Labor Standards Act ("FLSA"). In an Opinion and Order dated March 9, 2006 ("March 9 Opinion"), the Court ordered defendants to produce a tabulation containing statistical and mathematical information regarding payroll and timekeeping data. Defendants have now asked the Court to reconsider that decision. For the reasons which follow, plaintiffs' request is **DENIED**, in part. Defendants shall file by **April 7, 2006**, a sworn affirmation and memorandum of law identifying with specificity the information that is allegedly privileged. The contested records should be redacted, and all non-privileged information shall be produced to the plaintiffs by **April 4, 2006**.

## II. BACKGROUND

In the March 9 Opinion, the Court ruled that disclosure of the tabulation would not reveal litigation strategy or the mental impressions or thought process of counsel because it appeared to be a compilation of payroll and timekeeping data. The Court found that the tabulation was not

covered by the work product privilege, and that any privilege with respect to the tabulation had been waived by defendants' failure to prepare a privilege log and to assert a privilege in a timely manner.

Defendants filed a motion for reconsideration, and were ordered to submit the disputed records for an *in camera* review. Defendants' *in camera* submission contains ten spreadsheet files and an adobe acrobat file, which includes additional spreadsheet records. After conducting an inspection of the records, on March 24, 2006, the Court ordered defendants to supplement their motion for reconsideration by submitting a letter setting forth the background and preparation of the spreadsheets, and identifying what information is allegedly privileged.

### III. STANDARD FOR RECONSIDERATION

Defendants may move for reconsideration of the March 9 Opinion on the basis of "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1), Federal Rules of Civil Procedure. They must outline "the matters or controlling decisions which counsel believes the court has overlooked." Local Rule 6.3. Reconsideration is merited if defendants can "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." **Shamis v. Ambassador Factors Corp**., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). The matters must "reasonably be expected to alter the conclusion reached by the court." **Davidson v. Scully**, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." **Id**.

### IV. DISCUSSION

In support of their request for reconsideration, defendants contend that the records at issue

2

are privileged because they contain counsel's analyses of payroll and timekeeping data. Defendants have failed to meet the standard for reconsideration. They have identified no legal or factual matter presented to the Court, but not appropriately considered. Moreover, a review of the records shows that some fields in the spreadsheets clearly contain non-privileged payroll and timekeeping data and should have been produced.

**A.    Basic Time and Pay Data is Not Privileged**

The spreadsheets contain basic payroll and timekeeping information. In the March 9 Opinion the Court found that pay and time data – some of which has already been provided to the plaintiffs during discovery in document form – is simply not privileged. The facts concerning this information remain the same. Defendants have produced no new evidence or information that would merit a reversal of the March 9 Opinion with respect to this data.

As the Court ruled in the March 9 Opinion, the work product privilege shelters the mental processes of the attorney. **United States v. Nobles**, 422 U.S. 225, 238 (1975); **Resolution Trust Corp. v. Diamond**, 137 F.R.D. 634, 644 (S.D.N.Y. 1991) (citation omitted). The records defendants are withholding contain a compilation of non-privileged payroll and timekeeping data. Since the underlying information is not privileged, disclosure of the portion of the spreadsheets containing this data will, therefore, not reveal litigation strategy or the mental impressions or thought processes of counsel. **Resolution Trust**, 137 F.R.D. at 644. Accordingly, defendants shall produce all portions of the records for which no privilege is claimed to the plaintiffs by **April 4, 2006**, in electronic, manipulable form.

**B.    Waiver**

Defendants spend little time addressing the waiver portion of the Court's March 9

Opinion. Plaintiffs maintain that defendants failed to identify the contested records in their response to numerous document requests. Defendants contend that the records are not responsive to plaintiffs' document requests because they were created in the summer of 2005, and did not exist at the time of plaintiffs' request. The Court finds these arguments are meritless. Since plaintiffs requested documents concerning pay data, the records at issue should have been identified. Moreover, there is a continuing duty to supplement disclosures. The information should have been produced and a privilege log provided for plaintiffs. The Court reaffirms, therefore, its finding that defendants have waived any applicable privilege with respect to the contested records.

## C. Defendants' Damages Calculations

The Court's *in camera* review of the records at issue indicates that certain spreadsheet sections contain defendants' analyses of the payroll and timekeeping information. More specifically, the records contain defendants' analyses of plaintiffs' potential damages on different legal theories of liability and hypotheses. Although the Court finds that any privilege with respect to the contested files has been waived, to insure a complete record, the Court will provide defendants with an opportunity to file a sworn affirmation and memorandum of law 1) identifying with specificity the information in the spreadsheets that is allegedly privileged, 2) explaining in detail the basis for invoking the privilege, and 3) including any arguments why the privilege has not been waived.

## IV. CONCLUSION

For the foregoing reasons, defendants request for reconsideration is **DENIED**, in part. Defendants shall file by **April 7, 2006**, a sworn affirmation and memorandum of law identifying

4

with specificity the information that is allegedly privileged. The contested records should be redacted, and all non-privileged information shall be produced to the plaintiffs by **April 4, 2006**.

**SO ORDERED this 3rd day of April 2006**
**New York, New York**

_/s/ Ronald L. Ellis_

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**