UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**RICHARD AYERS, et al.,**
*Individually and on behalf of all others similarly situated,*

                     **Plaintiffs,**

                - against -

**SGS CONTROL SERVICES, et al.,**

                     **Defendants.**

**OPINION AND ORDER**

**03 Civ. 9078 (RMB) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs, individually and on behalf of others similarly situated, bring this action pursuant to the Fair Labor Standards Act ("FLSA"), alleging that defendants SGS Control Services, Inc. and SGS North America, Inc., through their payroll practices, failed to compensate their employees for overtime work. Pending before the Court are applications concerning the production of discovery records in electronic form, mandatory disclosures, interrogatories, and the depositions of Sederick Ned, Steven Baker, and Frederick Broussard.

For the reasons which follow, 1) defendants shall produce the payroll and timekeeping records in electronic form by **April 7, 2006**; 2) defendants shall supplement their mandatory disclosures in accordance with Rule 26(a)(1)(A) by **April 7, 2006**; 3) defendants shall serve an answer to the third set of interrogatories by **April 7, 2006**; 4) the depositions of Ned and Baker are held in abeyance, and defendants may renew their application to dismiss the claims of these plaintiffs at the end of discovery; 5) the parties shall confer and set dates for all upcoming depositions, including the Broussard deposition, by **April 7, 2006**; and 6) a final determination

with respect to the appropriate sanctions on both parties for their discovery misconduct will be made on a later date.

## II. DISCUSSION

**A.     Electronic Records**

On March 13, 2006, the Court granted defendants' application for an order directing plaintiffs to produce damages calculations. *See* Opinion and Order, dated March 13, 2006. Plaintiffs assert that they cannot perform damages calculations with the payroll and timekeeping records defendants have produced thus far, and ask the Court to order the production of complete pay and time data. More specifically, they maintain that complete payroll and timekeeping records should be produced in electronic form.

Defendants assert that responsive payroll and timekeeping records are kept in both electronic and document form. They do not assert any privileges with respect to these records, and do not contest the relevance of the information sought. They object to the production of discovery records in electronic form because: 1) they have already disclosed responsive records in document form; 2) a subpoena may be served on a third party for these records; and 3) the production of records in electronic form will allegedly compromise the private information of their employees

### 1.     Recreating Electronic Records is Burdensome

Defendants contend that plaintiffs have no need to access their electronic records because they have produced, in document form, records which contain the relevant information. Plaintiffs contend, however, that defendants' document production is incomplete because the payroll information is not broken down on a week by week basis and, therefore, does not show

during which week payments were earned or paid. They maintain that complete payroll and timekeeping records are needed to calculate the regular and overtime pay rates for any given week.

To perform the damages calculations that defendants' demand, plaintiffs will have to recreate the pay and time data in an electronic, manipulable form. Although defendants already have the information in electronic form – because their payroll system is electronic – they insist on having plaintiffs go through the burdensome, time consuming, and expensive process of recreating the data in electronic form. Plaintiffs estimate that recreating this data in an electronic, manipulable form would take more than three hundred hours. Providing the pay and time data in an electronic, manipulable format will expedite the resolution of this action by facilitating the calculation of damages that defendants vigorously demand, and which the Court has already ordered.

This Court is charged with securing the "just, speedy, and inexpensive determination of every action." Rule 1, Federal Rules of Civil Procedure. Defendants do not challenge plaintiffs' estimate of the time needed to create the database. Given the inherent delay and added costs, and the need to reconcile separately developed databases, the production of timekeeping and payroll records in electronic format is appropriate. Moreover, since defendants do not claim these documents are privileged, plaintiffs do not have to establish a compelling need for disclosure. Defendants shall produce the payroll and timekeeping records in electronic format by **April 7, 2006**.

2. **Subpoena to Third Party for Electronic Records**

Defendants maintain that plaintiffs should subpoena a third party, Automatic Data

3

Processing, Inc. ("ADP") for the electronic payroll and timekeeping records. ADP provides payroll and recordkeeping services for defendants, and appears to maintain electronic pay and time data. Although plaintiffs may serve ADP with a subpoena for these records, this process unnecessarily delays and complicates the disclosure of these records.

### 3. Privacy Concerns are Meritless

Defendants maintain that the electronic records contain payroll and timekeeping data for all of their employees, and not just the employees that are relevant in this action. They represent to the Court that they are exploring whether the relevant electronic data can be segregated and extracted, and made available to plaintiffs, but have not apprised the Court of the status of these efforts. They have not explained how the data is maintained in the electronic source, and why this makes targeted extraction impossible.

As noted by plaintiffs, and indicated in the deposition of defendants' payroll specialist, the payroll and timekeeping information at issue is transmitted to ADP. *See* Gia Plewa Deposition, at 31: 7-11. Since ADP provides payroll and recordkeeping services, it has access to, and can review defendants' information. Since defendants voluntarily disclose payroll and timekeeping information to ADP, the Court finds that their arguments for withholding the same information from plaintiffs is without merit. Since defendants maintain that a subpoena to ADP is appropriate for access to these records, the privacy concerns appear frivolous.

### B. Mandatory Disclosures

Plaintiffs maintain that defendants have listed the name of witnesses, but have not disclosed addresses and telephone numbers in their mandatory disclosures. Defendants must provide "the name and, if known, the address and telephone number of each individual likely to

have discoverable information." Rule 26(a)(1)(A). Defendants shall supplement their mandatory disclosures in accordance with Rule 26(a)(1)(A) by **April 7, 2006**.

**C.     Interrogatory**

Plaintiffs served defendants with the third set of interrogatories on March 14, 2006. The interrogatories ask defendants to identify plaintiffs's supervisors, and whether they are currently employed by defendant. They requested an answer on an expedited basis to facilitate depositions. Defendants shall serve an answer to this interrogatory by **April 7, 2006**.

**D.     Depositions of Sedrick Ned and Steven Baker**

Plaintiffs Sedrick Ned and Steven Baker have refused to respond to class counsel's efforts to prepare them and secure their attendance at depositions. Class counsel notified defendants that they have been unable to reach these plaintiffs. Nevertheless, defendants assert that they will attend the scheduled depositions unless the plaintiffs' move for a protective order. Indeed, since Ned did not move for a protective order, defendants appeared for his deposition as noticed in Lake Charles, Louisiana, on March 8, 2006.

Plaintiffs' counsel maintains that they continue trying to secure Ned and Baker's participation in this litigation, and ask the Court to hold the depositions in abeyance until the close of discovery. Counsel concede that if Ned and Baker's participation is not procured, defendants may move to dismiss their claims. Defendants maintain that instead of holding these depositions in abeyance, Ned and Baker's claims should be dismissed. Defendants have made an application with Judge Berman for a pre-motion conference in anticipation of a motion to dismiss.

The Court may dismiss an action pursuant to Rule 37(d) for plaintiffs's failure to appear

for his deposition after being served with proper notice. The Court also has "inherent power to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b)." **Solomon v. Beachlane Mgmt**, 2004 WL 2403950, at *1 (S.D.N.Y. Oct. 26, 2004). Dismissal, however, is warranted only in extreme circumstances, **Martens v. Thomann**, 273 F.3d 159, 179 (2d Cir. 2001), and should be used only where the party has demonstrated "willfulness, bad faith, or any fault" in the course of discovery. **Bobal v. Rensselaer Polytechnic Inst.**, 916 F.2d 759, 764 (2d Cir. 1990) (citation omitted).

The Court finds that class counsel should be given an opportunity to procure the participation of the elusive plaintiffs. If such participation is not procured by the end of discovery, defendants may renew their application that these claims be dismissed. Defendants will not be prejudiced because this is a class action involving more than two hundred plaintiffs. Since plaintiffs should be able to give consistent testimony on class-wide issues, defendants may choose other class members to depose, and may seek to preclude plaintiffs who fail to appear for their deposition, from being witnesses at trial.

**E.    Deposition of Frederick Broussard**

Plaintiffs apprised the Court on March 9, 2006, of defendants' subpoena to Frederick Broussard in Houston, Texas. They argued that Broussard's deposition should have been scheduled at the same time as Richard Ayers's deposition in Texas, thus, reducing the time and resources expended on traveling multiple times to the same location to conduct depositions. In explaining the need for multiple depositions in Texas, counsel for defendants represented to the Court that Broussard's deposition was noticed based on information discovered during Ayers's deposition. Based on this representation, the Court found that there was a valid reason

6

for noticing Broussard's deposition in Texas.

The record indicates that a subpoena for Broussard's deposition was signed on February 16, 2006. Since Ayer's deposition was held on February 17, 2006 – after Broussard was subpoenaed – defendants could not have relied on Ayer's testimony for subpoenaing Broussard in Texas. Defendants' representation to the Court concerning the Broussard deposition was, therefore, false.

Defendants now maintain that they learned of Broussard while preparing for Ayer's deposition. *See* Affidavit of Rodney Gregory Moore, dated March 21, 2006. They contend that this constitutes a valid reason for noticing Broussard's deposition in Texas, and that if Broussard would have been noticed immediately after Ayers's deposition, plaintiffs would argue that there was no adequate notice. These arguments, however, do not change the fact that defendants misrepresented the circumstances under which Broussard's deposition was noticed to the Court. This conduct is sanctionable. Even if the Court were to find that defendants now present a valid reason for noticing Broussard's deposition in Texas, it would not excuse the manner in which defendants have proceeded. Plaintiffs asked defendants to explain the misrepresentation on March 10, 2006 ("the March 10 inquiry"), the day after the misrepresentation occurred. Defendants did not respond until March 16, 2006 – the day before Broussard's deposition, and six days after being approached by plaintiffs. On March 16, 2006, the parties apprised the Court of the dispute surrounding Broussard's deposition. Plaintiffs asked the Court to cancel the March 17, 2006 deposition. The Court found that the record did not support canceling the deposition at the last minute, and directed that the deposition proceed as scheduled. The parties were given the opportunity to make additional submissions.

7

Defendants ask the Court to dismiss Broussard's claims for failure to appear at the March 17, 2006 deposition. In light of the misrepresentation to the Court, and the failure to properly and timely address plaintiffs' March 10 inquiry, the Court finds this argument is without merit. Defendants knew that plaintiffs had objected to the locale of the deposition. Their failure to respond until the eve of the deposition placed defendants in a difficult situation, and with little time to react. Plaintiff, for their part, chose to stay home, apparently secure in their belief that defendants had forced their hand.

**F.     Conduct in Future Depositions**

Although defendants aver a commitment to minimizing the cost of discovery, their actions indicate the opposite. They have routinely shown up at depositions they knew had been cancelled, incurring unnecessary litigation expenses. This conduct served no useful purpose. On the other hand, plaintiffs must share the blame for failing to control their witnesses. For any future depositions, the parties must: 1) provide the Court with a list of deponents and dates, and 2) notify the Court forty-eight hours in advance if any problems develop in the schedule. The parties shall apprise the Court of the deposition dates by **April 7, 2006**.

**G.     Sanctions**

Although the parties conduct with respect to Broussard's deposition is sanctionable, the Court reserves a final determination with respect to the appropriate sanctions until the current matters have been resolved.

### III. CONCLUSION

For the foregoing reasons, 1) defendants shall produce the payroll and timekeeping records in electronic form by **April 7, 2006**; 2) defendants shall supplement their mandatory

disclosures in accordance with Rule 26(a)(1)(A) by **April 7, 2006**; 3) defendants shall serve an answer to the third set of interrogatories by **April 7, 2006**; 4) the depositions of Ned and Baker are held in abeyance, and defendants may renew their application to dismiss their claims at the end of discovery; 5) the parties shall confer and set dates for all upcoming depositions, including the Broussard deposition, by **April 7, 2006**; and 6) a final determination with respect to the appropriate sanctions on both parties for their discovery misconduct will be made on a later date.

**SO ORDERED this 3rd day of April 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**