COURTESY COPY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-10-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD AYERS, JOSE ACOSTA, FREDERICK ANTHONY BROUSSARD, and JEFFREY WAYNE SCHELL, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>SGS CONTROL SERVICES, INC., SGS NORTH AMERICA, INC., and SGS AUTOMOTIVE SERVICES, INC.,<br><br>　　　　Defendants. | **Civil Action 03 CV 9078 (RMB)** |
| BRIAN FERRY, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>SGS CONTROL SERVICES, INC. and SGS NORTH AMERICA, INC.,<br><br>　　　　Defendants. | **Civil Action 06 CV 7111 (RMB)** |

**[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**     RMB

The parties to this consolidated action, captioned *Richard Ayers, Jose Acosta, Frederick Anthony Broussard, and Jeffrey Wayne Schell, individually and on behalf of others similarly situated, v. SGS Control Services, Inc., SGS North America, Inc., & SGS Automotive Services, Inc.*, Civil Action 03 CV 9078 (RMB), and *Brian Ferry, individually and on behalf of others similarly situated, v. SGS Control Services, Inc. and SGS North America, Inc.*, Civil Action 06 CV 7111 (RMB) ("Action"), have agreed to settle all claims arising out of this lawsuit. Based upon an examination of the Joint Stipulation of Settlement And Release ("Settlement Agreement") between named plaintiffs Richard Ayers, Jose Acosta, Frederick Anthony Broussard, Jeffrey Wayne Schell and Brian Ferry (collectively, "Plaintiffs"), on the one hand, and SGS North America, Inc. f/k/a SGS Control Services, Inc.; and SGS Automotive Services, Inc. (collectively, "SGS"), on the other hand, and upon an examination of the Joint Application for Preliminary Approval of Settlement of Class Action ("Joint Application") and all supporting papers submitted by Plaintiffs and SGS ("the Parties"), and finding good cause,

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this action and the Parties pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this District.

3. On a preliminary basis for settlement purposes only, the Court finds that the *Fed. R. Civ. P.* 23 factors are present and that certification of the proposed Class, as defined and set forth below, is appropriate under Rule 23 and Rule 23(b)(3).

4. The Class shall be defined as follows:

> All current and former employees of SGS North America, Inc.; Oil Gas & Chemicals Services and Agricultural Services Divisions of SGS North America Inc. f/k/a SGS Control Services, Inc.; and SGS Automotive Services, Inc. ("SGS") at any time during the period beginning three years prior to the date of filing of the Fourth Amended Complaint alleging a Rule 23 class action through the date of such filing, or, for Opt-In

NJ 226,352,804v1 2/13/2008

Plaintiffs, the period beginning three years prior to the filing of the individual Plaintiff's consent to sue through the date of the filing of the Fourth Amended Complaint alleging a Rule 23 class action, except that, for Class Members residing in the following states or territories, the Covered Period shall be the period beginning the number of years shown prior to the filing of the Fourth Amended Complaint through the date of such filing: California (4); Hawaii (6); Nebraska (4); New York (6); and the Virgin Islands (6).

5.  The Court preliminarily finds for settlement purposes only that the proposed Class described above satisfies the following factors of Rule 23(a) and Rule 23(b)(3):

   a.  NUMEROSITY:  The Court finds that the proposed Settlement Class is sufficiently numerous such that individual joinder of all its members is impracticable. Thus, the Rule 23(a)(1) numerosity requirement has been met.

   b.  COMMONALITY/PREDOMINANCE:  The Court finds that there are many questions of law and fact common to the Settlement Class and that those questions substantially predominate over any questions that may affect individual Class members and satisfy Rules 23(a)(2) and 23(b)(3).

   c.  TYPICALITY:  The Court finds that the proposed Class Representatives' claims arise from substantially the same course of conduct and share substantially the same legal theory as do the claims of the putative Class members. Furthermore, the proposed Class Representatives will advance the interests of all class members. The proposed Class Representatives' claims are thus typical of the claims of the members of the Class and satisfy Rule 23(a)(3).

   d.  ADEQUACY: The Court finds that the proposed Class Representatives assert claims representative of the claims of the entire class. Even though the claims may not be identical to claims of every putative Class member, the proposed Class Representatives can adequately represent the putative Class because the Class Representative claims include virtually all of the most viable claims of the Class. The adequacy factor also considers Class Counsel. In this case, Class Counsel regularly engage in complex litigation similar to the present case and

have dedicated substantial resources to the prosecution of this matter. The adequacy requirement is, therefore, satisfied.

    e.    <u>SUPERIORITY</u>:    A settlement class that will determine the issues common to all Class members and fix compensation for injury is superior to numerous trials that would risk disparate results for similarly situated individuals. The cost of litigation on a case-by-case basis would be extremely costly for each Plaintiff and the putative Class members, and piecemeal litigation would tax the resources of the judiciary. Accordingly, the Court finds that a class action is superior to other available methods for the fair and efficient adjudication of the present controversy.

6.    The Court preliminarily approves the proposed Settlement Agreement, together with all of its Exhibits, filed with the Court on or about February 5, 2008, as being fair, reasonable and adequate, entered into in good faith, free of collusion, and within the range of possible judicial approval, such that the terms and conditions shall be considered by the putative members of the Class.

7.    The Court approves the form and content of the Notice of the Pendency of Class Action, Proposed Settlement and Hearing Date for Court approval ("Notice"), attached as Exhibits A-1, A-2 and A-3 to the Settlement Agreement, as satisfying the requirements of Rule 23 and due process.

8.    The Court approves the appointment of Michael J. D. Sweeney, Esquire, Dan Getman, Esquire, of the Getman Law Firm, and Ed Tuddenham, of counsel to that firm, as counsel for the Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that these counsel are competent and capable of exercising their responsibilities as Class Counsel.

9.    The Court appoints the following as Class Representatives: Richard Ayers, Jose Acosta, Frederick Anthony Broussard, Jeffrey Wayne Schell and Brian Ferry.

10.    The Court directs that the Garden City Group, Inc., 1792 Bell Tower Lane, Suite 101, Weston, Florida 33326, be confirmed to act as Claims Administrator (as defined in the

Settlement Agreement) and directs the Claims Administrator to disseminate the Notice in the following manner, which satisfies the requirements of Rule 23 and due process: Within thirty (30) days following the entry of this Order, the Claims Administrator shall mail to all members of the Settlement Class the Notice, a Claim Form and a Request for Exclusion Form (attached to the Settlement Agreement as Exhibits A-1 to A-3, B and C, respectively). The Claims Administrator will use such standard skip-tracing devices as deemed reasonable to obtain forwarding addresses and will forward returned mail to ensure that the Notice, the Claim Form and instructions and the Request for Exclusion Form are sent to all Class Members. It will be conclusively presumed that, if an envelope so mailed has not been returned within thirty (30) days of the mailing, that the Class Member received the Notice. With respect to returned envelopes, the Claims Administrator will use reasonable diligence to obtain a current address and re-mail the envelope to such address within ten (10) days of the receipt of the returned envelope. The Claims Administrator will, no later than fourteen (14) days before the deadline to submit Claim Forms, mail a reminder postcard to all Class Members who have not yet responded.

11.     The Court further directs that, within thirty (30) days of the entry of this Order, the Getman Law Firm will post the Notice of proposed settlement on its website. The Notice will include a link to, or instructions on how to obtain a copy of, the Notice and instructions on how to obtain copies of a Claim Form and a Request for Exclusion Form. The Notice will also identify the deadline by which Claim Forms and Exclusion Forms must be submitted to the Claims Administrator.

12.     Members of the Settlement Class who wish to receive a share of the settlement proceeds must complete and sign a Claim Form according to the instructions set forth in Section IV of the Notice. The Claim Form, which must be sent to the Claims Administrator at the address shown in the Notice, must be postmarked not later than one hundred-twenty (120) days after entry of this Order (which deadline shall also be posted on the websites).

13.     Members of the Settlement Class who wish to comment on, or object to, the proposed Settlement Agreement or any terms therein shall submit such comment(s) or objection(s),

5

together with any supporting materials the commenter or objector wishes the Court to consider prior to its determination of whether the proposed settlement shall be granted final approval. These comments or objections must be sent within one hundred-twenty (120) days of the entry of this Order to the Court, with a copy to the Claims Administrator, at the addresses shown in the Notice.

14. Members of the Settlement Class who do not wish to participate in the Settlement must complete a Request for Exclusion Form according to the instructions set forth in Section IV of the Notice. The Request for Exclusion Form must be postmarked not later than one hundred twenty (120) days after entry of this Order. All persons who properly make a request for exclusion from the Settlement Class shall not be Settlement Class members and shall have no rights with respect to the proposed settlement, should it be approved.

15. The Court directs that, pursuant to Rule 23(e), a hearing be scheduled for July 30, 2008 @ 2:00 ], 2008 ("Fairness Hearing") at the U.S. Courthouse, 500 Pearl Street, New York, New York, to assist the Court in determining whether certification is appropriate and whether the proposed Settlement Agreement is fair, reasonable and adequate. No later than seven (7) days prior to the date of the scheduled Fairness Hearing, Plaintiffs and SGS, either jointly or separately, may file with the Court any statement of facts, memorandum of law, affidavit, declaration, exhibit, or other documentary evidence in support of their contention that the proposed settlement is adequate, fair and reasonable. No later than seven (7) days prior to the date of the scheduled Fairness Hearing, each party may also file with the Court a list of experts and witnesses that the party wishes to present at the Fairness Hearing in support of its contention that the proposed settlement is adequate, fair and reasonable. Said list shall also be accompanied with a short summary of the expected testimony to be presented by each expert and witness.

16. Objectors to the proposed settlement may be heard at the Fairness Hearing; however, no objector shall be heard and no papers or briefs submitted will be accepted or considered by the Court unless, not later than one hundred-twenty (120) days following the entry of this Order, such objector (1) has filed with the Clerk of the Court a written notice of such objector's

6

intention to appear personally, or, if such objector intends to appear by counsel, such counsel files a notice of appearance; (2) such objector to any of the applications before the Court submits, personally or by counsel, a written statement describing in full the basis for such objector's opposition and attaches any supporting documentation and a list of any and all witnesses or experts whom such objector shall present to the Court; and (3) has served, on or before one hundred-twenty (120) days from the entry of this Order, copies of such notice(s), statement(s), documentation and list(s) together with copies of any other papers or brief(s) that objector files with the Court or wishes the Court to consider at the Fairness Hearing, upon the Claims Administrator at the address set forth in Section IV of the Notice. The Court may postpone, adjourn or continue the Fairness Hearing without further notice of any such scheduling change to members of the Settlement Class who have not submitted a timely and valid objection to the proposed settlement.

17.     Pending final approval of the proposed settlement, no member of the Settlement Class, either individually, derivatively, in a representative capacity, or in any other capacity, shall commence any action, or proceed with any pending action, in any court tribunal against any of the Class Members Released Parties, as that term is defined in Section VI of the Settlement Agreement, asserting any of the claims waived or released under the terms of the Settlement Agreement.

18.     In the event the Settlement Agreement terminates pursuant to its terms for any reason, including but not limited to the Parties' failure to obtain final approval of the proposed settlement, the conditional certification of the Settlement Class provided pursuant to this Order shall be vacated automatically, the Class Representatives shall cease to function as representatives of the Settlement Class, and this action shall revert to its status immediately prior to the execution of the Settlement Agreement. The Fourth Amended Complaint shall be stricken from the record, and the Third Amended Complaint shall be restored to the active docket. All other orders and findings entered in connection with the Joint Application shall become null and void and have no force and effect whatsoever.

19.  Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the proposed settlement that are not materially inconsistent with this Order or the Joint Application, including making, without further approval of the Court, minor changes to the content of the Notice and other exhibits that they jointly agree are reasonable or necessary.

ORDERED this  10th  day of  March , 2008.

_____
The Honorable Richard M. Berman