MANDATE

08-5550-cv
Ayers v. SGS Control Services, Inc.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 0 4 2009

SDNY/NYNY
03-cv-9078
Berman
Ellis

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT http://www.ca2.uscourts.gov/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of November, two thousand nine.

PRESENT:
    BARRINGTON D. PARKER,
    PETER W. HALL,
    GERARD E. LYNCH,
        *Circuit Judges*,

---

RICHARD AYERS, *et al.*,

        *Petitioners,*

    v.        No. 08-5550-cv

SGS CONTROL SERVICES, INC., *et al.*,

        *Respondents.*\*

---

\*This being a summary order, the full caption has been purposely abbreviated.

ISSUED AS MANDATE: DEC - 3 2009

FOR PETITIONERS:	DAN C. GETMAN, Getman & Sweeney, PLLC, New Paltz, NY (Michael J.D. Sweeney, Edward Tuddenham, on the brief), Appearing for Petitioners.

Appeal by class counsel for Petitioners from an Order of the Southern District of New York (Berman, *J.*) awarding class counsel attorneys' fees in the amount of $1,377,500.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED, that the Order of the District Court is **AFFIRMED** as to the common fund fee percentage and the exclusion of the prior payments and **REMANDED** for an explanation into the exclusion of accrued interest.

Petitioners' counsel seeks review of the lower court's fee award in connection with a settlement following a Fair Labor Standards Act suit brought by current and former employees of SGS Control Services, Inc. and affiliated companies. Respondents express no view with respect to the arguments on appeal. We assume the parties' familiarity with the facts, procedural context, and specification of appellate issues.

We review the District Court's fee award under a deferential abuse of discretion standard. *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47-48 (2d Cir. 2000). "A district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (footnotes omitted). It merits underscoring that "'abuse of discretion'—already one of the most deferential standards of review—takes on special

significance when reviewing fee decisions." *Goldberger*, 209 F.3d at 47. "[T]he district court, which is intimately familiar with the nuances of the case, is in a far better position to make [such] decisions than is an appellate court, which must work from a cold record." *In re Bolar Pharm. Co., Inc., Sec. Litig.*, 966 F.2d 731, 732 (2d Cir. 1992) (per curiam).

After careful review of the District Court's thorough and well-reasoned Decision and Order and Order denying Petitioners' Motion for Reconsideration, we hold that there is no basis to find that the District Court exceeded the bounds of its discretion in determining the appropriate percentage award in this case. Petitioners base their arguments before this Court on the grounds that other cases have been decided differently. However, they have not pointed to anything in the record to suggest that the District Court abused its ample discretion in deciding the case before it or that its common fund fee award of 19% "cannot be located within the range of permissible decisions." *Zervos*, 252 F.3d at 169. Nor are we persuaded that either *Trustees v. Greenough*, 105 U.S. 527 (1881), or *Cent. R.R. & Banking Co. v. Pettus*, 113 U.S. 116 (1885), compels a contrary result.

Further, the District Court's decision to exclude the $674,320 in prior payments is firmly rooted in the Settlement Agreement, which contemplates that attorneys' fees will be based on a percentage of the "Settlement Payment," which is defined as "the $7,250,000.00 payment plus accrued interest thereon," and expressly does not include the earlier payments. Thus, we find no abuse of discretion in the District Court's exclusion of this amount from the fee base. We remand, however, for the District Court to reconsider and, if adhered to, to explain its parallel decision to exclude the interest accrued on the principal $7,250,000 settlement from the fee base,

given that this amount is specifically included as part of the "Settlement Payment," from which fees are to be awarded.

Accordingly, the order of the district court is **AFFIRMED** as to the common fund fee percentage and the exclusion of the prior payments and **REMANDED** for an explanation into the exclusion of the accrued interest.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: *[signature]*

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by *[signature]*
DEPUTY CLERK