**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

RICHARD AYERS, et al.,                                   :

                                    Plaintiffs,          :

                                                         :        06 Civ. 7111 (RMB)
            - against -                                  :        03 Civ. 9078 (RMB)

                                                         :
SGS CONTROL SERVICES, INC., et al.,                      :        <u>DECISION & ORDER</u>
                                                         :        (Rejecting Plaintiffs' Counsel's
                                    Defendants.          :        Fourth Application for Legal Fees)

-------------------------------------------------------------------x

Based upon the record herein, including, without limitation, Plaintiffs' letter, dated

November 20, 2009 ("Pl. Ltr."), requesting (i) interest payable to Plaintiffs' Counsel on legal

fees awarded by the Court on September 8, 2008; (ii) further distributions to class members; and

(iii) $395,065.91 in additional legal fees to Plaintiffs' Counsel; and upon the transcript of the

conference held on November 30, 2009 (Tr. of Proceedings, dated Nov. 30, 2009 ("Hr'g Tr.")), it

is hereby

ORDERED, that $62,292.71 shall be distributed forthwith to Plaintiffs' Counsel

representing 19% of the accrued interest on the Settlement Fund (which had been omitted

previously through inadvertence); and it is further

ORDERED, that $485,170.10 shall be distributed forthwith to the "Opt-in Plaintiffs"

(without any deductions for additional fees to Plaintiffs' Counsel), (<u>see</u> Pl. Ltr. at 1–2 ("the opt-

in Plaintiffs would receive 72.64% of that $667,907.84 [remaining Settlement Fund], or

$485,170.10"); <u>see also</u> Hr'g Tr. at 7:7–8:8); and it is further

ORDERED, that $182,737.73 shall be distributed forthwith to the "passive class

members," (<u>see</u> Pl. Ltr. at 1–2 ("the passive class members would receive 27.36% of the

$667,907.84, or $182,737.73"); Hr'g Tr. at 8:5-8); and it is further

**ORDERED**, that Plaintiffs' request for additional attorney's fees in the amount of $395,065.91 (proposed by Plaintiffs' Counsel to be deducted from the Opt-in Plaintiffs share described above) is denied because the issue of attorney's fees already has been fully and appropriately resolved in the Court's Orders of September 8, 2008 and October 16, 2008 (on reconsideration), rejecting, among other things, Plaintiffs' argument that "the Court erred by awarding Plaintiffs' counsel less than the 'written one-third contingency fee arrangement,'" (Order, dated Oct. 16, 2008, at 2–3 (citing Pl. Mem. in Supp. of Mot. for Reconsideration, dated Sept. 23, 2008); see also id. at 3 ("'[A] district court is not required to adhere to a retainer agreement' in reaching its determination as to a reasonable award for attorney compensation in class actions.") (citing In re WorldCom, Inc. Sec. Litig., 388 F. Supp. 2d 319, 356 (S.D.N.Y. 2005))). See Ayers v. SGS Control Servs., No. 08-5550-cv, slip op. at 3 (2d Cir. Nov. 12, 2009) ("[W]e hold that there is no basis to find that the District Court exceeded the bounds of its discretion in determining the appropriate percentage award [19%] in this case.")[1]; and it is further

**ORDERED**, that Plaintiffs' purported lien, if any, on monies in the Settlement Fund is of no force and effect, see Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96 (2d Cir. 2005); (see also Hr'g Tr. at 15:15-20 (THE COURT: "[T]his is money that belongs to the class and not to you. And I'm happy if there's some administrative task – and if I should have done this, and I would appreciate it if you had put it in your proposed order . . . extinguishing any liens that

---

[1]    See Hr'g Tr. at 13:18–14:5 (THE COURT: "[T]o use the metaphor, it is like [the movie] Groundhog Day. You know, the alarm goes off every day at the same time and it[] keeps being Wednesday and we never get to Thursday or Friday. And candidly, counsel, it sounds like lawyers who just won't take no for an answer. . . . [I]t looks to me, sounds to me like this is the fourth [legal fee] application: the initial application, motion for reconsideration, the appeal to the Court of Appeals, and now you're back.")

might exist, which is what you're asking me to do now.")); and it is further

**ORDERED**, that Counsel is also directed to advise the Court in writing as to the

implementation of this Decision and Order (including any balance in the Settlement Fund) on or

before January 8, 2010.


**SO ORDERED**.

Dated: New York, New York
       December 7, 2009

*RMB*

_____
**Richard M. Berman, U.S.D.J.**